ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 01 2006

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**Anthony J. Rogers,**

**Plaintiff,**

**v.**

**I D Design, Inc.;**
**BOVA-Design, LLC;**
**BOVA International, LLC; and**
**IFD, Inc. -**
**collectively d/b/a BOVA Furniture,**

**Defendants.**

**Civil Action File No. 1:06-CV-2101**

**PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, Anthony J. Rogers ("Rogers"), who through this action seeks equitable relief; general, compensatory, and punitive damages; costs; and attorneys' fees for the injuries he suffered from the unlawful conduct of Defendants I D Design, Inc., BOVA-Design, LLC, BOVA International, LLC., and IFD, Inc. collectively d/b/a BOVA Furniture, and states as follows:

## I. Parties

1.

Plaintiff is currently a resident and citizen of the State of Georgia.

2.

Defendant I D Design, Inc. ("ID Design") is a Georgia corporation having a

business address of 6460 Dawson Blvd, Norcross, Ga, 30093-1136. ID Design is subject to the jurisdiction and venue of this Court and may be served with process by and through its registered agent for service of process Michael W. Broadbear, 950 E. Paces Ferry Rd., #3250, Atlanta, Ga. 30326.

3.

Defendant BOVA-Design, LLC ("BOVA-Design") is a Georgia corporation having a business address of 6517 Warren Dr., Norcross, Ga, 30093. BOVA Design is subject to the jurisdiction and venue of this Court and may be served with process by and through its registered agent for service of process, Michael W. Broadbear, 950 E. Paces Ferry Rd., #3250, Atlanta, Ga. 30326.

4.

Defendant BOVA International, LLC ("BOVA International") is a Georgia corporation having a business address of 6517 Warren Dr., Norcross, Ga, 30093. BOVA Design is subject to the jurisdiction and venue of this Court and may be served with process by and through its registered agent for service of process Michael W. Broadbear, 950 E. Paces Ferry Rd., #3250, Atlanta, Ga. 30326.

5.

Defendant IFD, Inc. ("IFD") is a Georgia corporation having a business

address of 6517 Warren Dr., Norcross, Ga, 30093. IFD is subject to the jurisdiction and venue of this Court and may be served with process by and through its registered agent for service of process Michael W. Broadbear, 950 E. Paces Ferry Rd., #3250, Atlanta, Ga. 30326.

6.

Defendants ID Design, BOVA-Design, BOVA International, and IFD collectively do business as BOVA Furniture and for purposes of this action are collectively referred to as "BOVA."

7.

BOVA, the employer of Rogers, is the plan sponsor of a welfare plan (health insurance provided by Coventry Health Care of Georgia, Inc.) at issue in this matter pursuant to 29 U.S.C. § 1002(16)(B).

8.

BOVA employs over 20 employees.

## II. Jurisdiction and Venue

9.

This Court has subject matter jurisdiction over this action pursuant to ERISA §§ 502(e)(1) & (f), 29 U.S.C. §§ 1132 (e)(1) & (f); and 28 U.S.C. § 1331.

10.

Venue over this action is proper in this Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the conduct on which this action is based took place in this District and the Defendants reside in this District.

## III. Background Facts

11.

BOVA is a company that sells Scandinavian furniture. Ole Bjerregaard and Steen Morup Olsen own and operate BOVA.

12.

In May of 2001, BOVA hired Rogers to work as the Delivery Truck Manager. As the Delivery Truck Manager, Rogers oversaw the delivery of furniture sold by the company.

13.

When hired by BOVA, Rogers reported to Mark Fishman, the Warehouse Manager, who reported to Steen Olsen.

14.

The benefits that BOVA provided to its employees included health insurance. The paperwork provided by BOVA to Rogers identified two companies

- Coventry Health Care of Georgia, Inc. and Coventry Health and Life Insurance Company - as the insurance carriers that provided BOVA's group health care plan. Rogers enrolled in BOVA's health care insurance family plan in order to provide health insurance for his wife, Michelle Rogers.

15.

In 2003, BOVA moved Rogers from his position as Delivery Truck Manager to a job in the warehouse where he performed the work of an assistant warehouse manager.

16.

Furniture shipped to BOVA was received and stored in the warehouse until shipped to purchasers or moved to the showroom.

17.

The responsibilities of Rogers included moving furniture throughout the warehouse.

18.

In 2003, Rogers was diagnosed with hypertrophic obstructive cardiomyopathy, a condition in which the muscles of the heart abnormally thicken. Symptoms include chest pain, heart palpitation, light-headedness, and blackouts.

Rogers' condition also included arrhythmias (irregular heart beat) and atrial fibrillation resulting in an increased risk of clot formation. At present, no cure has been developed for hypertrophic obstructive cardiomyopathy.

19.

While performing his work in the warehouse, Rogers began to suffer physically and emotionally. Rogers made multiple requests to be transferred from the warehouse to the show-room floor, a position that required less physical exertion. BOVA simply laughed off the requests.

20.

As a result of his condition, Rogers had surgery to implant a regulating device (ICD) on February 09, 2005. Rogers returned to work approximately one week after being released from the hospital.

21.

Sometime after Rogers returned to work, Mark Fishman (still serving as Rogers' supervisor), revealed to Rogers the comments of Sue Shrager, BOVA's CFO and manager of human resources. Ms. Shrager stated that BOVA would like to find a way to "get AJ off our health insurance because he makes our premiums go up so much."

22.

After his surgery and return to the warehouse, Rogers continued to request a transfer from the warehouse to the show-room.

23.

In the Fall of 2005, Rogers received a promotion to Warehouse Manager while Mark Fishman accepted another warehouse position with BOVA. At the same time, BOVA increased Rogers' salary.

24.

On May 25, 2005, BOVA terminated Rogers' employment.

25.

Following his discharge, BOVA asked Rogers to return to work on a contract basis to perform the same functions that he had been performing before his discharge. Rogers agreed and for a short period of time worked in the warehouse for a less money than before his discharge.

26.

Shortly after his discharge, Rogers met with Ms. Schrager and requested COBRA coverage. Ms. Schrager stated that Rogers' bonus, an amount based on his production in May, would be applied towards his health insurance premium for

the first month of Rogers' conversion coverage.

27.

Despite the assurances of Schrager, BOVA did not continue coverage for Rogers and his wife. Instead, BOVA directed Coventry to remove Rogers from coverage on May 31, 2006.

28.

After his discharge, Rogers attempted to forward prescription costs to Coventry expecting the carrier to pay for the medicine in accordance with the insurance policy. Coventry rejected the request.

29.

Having received no information from BOVA regarding continuation coverage and having had Coventry reject payment of prescription bills, Michelle Rogers, sent an email on June 21, 2006 requesting COBRA paperwork.

30.

In a letter from "BOVA Furniture" dated June 27, 2006, signed by Shrader, and received by Rogers in July, 2006, BOVA denied the request for COBRA coverage due to BOVA "being a company less than 20 people." In the letter, BOVA offered "state continuation insurance." At the time of the letter, BOVA

had already terminated Rogers' coverage under the Coventry group insurance plan as of May 31, 2006.

31.

In a letter dated July 31, 2006 to BOVA, counsel for Rogers requested that Rogers' coverage be reinstated under the group health plan with Coventry. Rogers expressed his disagreement with BOVA's decision to reject COBRA coverage and requested that any appeal or administrative rights be pursued.

32.

BOVA did not respond to Rogers' request to pursue any internal administrative remedies of the welfare plan.

33.

Rogers subsequently learned from a Coventry representative that BOVA did reinstate his coverage on August 3, 2006, retroactive to June 1, 2006, but ending on August 31, 2006.

34.

Despite Rogers' request for family medical coverage and the assurance by Ms. Schrager to reenroll Rogers, BOVA failed to reinstate Rogers' wife as a beneficiary and, as a result, prevented Ms. Rogers from receiving medical care.

35.

At the time of Rogers' discharge, BOVA paid Rogers a salary of $36,000 per year and a monthly bonus based on monthly production. In addition to the Coventry health insurance, BOVA also provided 10 days of vacation.

36.

While employed at BOVA, Rogers paid the monthly premiums for the Coventry group health insurance.

**Count One**

**Violation Of Section 510 Of ERISA**
**(Discrimination)**

37.

Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 37 of the Complaint as though fully set forth herein.

38.

Section 510 of ERISA, 29 U.S.C. §1140, prohibits employers from interfering with an employee's right to obtain ERISA benefits.

39.

BOVA violated Section 510 of ERISA by discharging Rogers for the purpose of preventing him from participating in BOVA's group health care plan.

40.

BOVA violated Section 510 by failing to inform Rogers of his rights and obligations regarding conversion on a timely basis.

41.

BOVA violated Section 510 by secretly cancelling Rogers' coverage in May 2006.

42.

BOVA violated 510 by failing to inform Conventry that Rogers' wife, Michelle Rogers, should receive continuation coverage.

**Count Two**

**Attorneys' Fees and Expenses**

43.

Rogers repeats and incorporates herein by reference the allegations contained paragraphs 1 through 43 of the Complaint as though fully set forth herein.

44.

Plaintiff is entitled to recover from Defendants, jointly and severally, all costs and expenses of this action, including reasonable attorneys' fees pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff prays that this Court:

(a) enter injunctive relief directing BOVA to reinstate Rogers to employment with BOVA, and to reinstate Rogers as a participant in BOVA's health care group insurance family plan;

(b) enter judgment against Defendants, jointly and severally, for statutory penalties;

(c) enter judgment against Defendants, jointly and severally, for prejudgment interest on all amounts due Plaintiff;

(d) enter judgment against Defendants for all compensatory damages including lost back wages, bonuses, vacations, health care insurance, and any other benefit provided by BOVA to its regular employees;

(e) enter judgment against Defendants, jointly and severally, for all costs and expenses of this action, including attorneys' fees;

(f) tax costs of this action against Defendants, jointly and severally;

(g) grant and award Plaintiff pre- and post-judgment interest;

(j) grant and award Plaintiff such other relief as this Court deems just and proper; and

(k) a trial by jury.

(SIGNATURE ON FOLLOWING PAGE)

This 1st day of September, 2006.

Respectfully submitted,

IRVIN, STANFORD & KESSLER, LLP

E. Ray Stanford, Jr.
Georgia Bar No. 674725

Attorneys for Plaintiff
One Buckhead Plaza
3060 Peachtree Road, N.W.
Suite 1050
Atlanta, GA 30305
404-237-1020 (office)
404-237-1047 (facsimile)
rstanford@isklaw.com